# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO:

CHERYL WELLER,

    Plaintiff,                                     **COMPLAINT**

v.                                             **JURY TRIAL DEMANDED**

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Cheryl Weller (hereinafter, "Cheryl" or "Plaintiff"), by and through counsel, brings this action against Defendant, Receivables Performance Management, LLC (hereinafter, "RPM" or "Defendant"), and states as follows:

### INTRODUCTION

1. This is an action for damages brought by individual consumers based on RPM's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

### PARTIES

2. Cheryl is a natural person who resided in Fort Lauderdale, Florida, at all times relevant to this action.

3.  RPM is a Washington limited liability company that maintained its principal place of business in Lynwood, Washington, at all times relevant to this action.

## JURISDICTION AND VENUE

4.  Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

5.  Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6.  Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7.  RPM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8.  The principal source of RPM's revenue is debt collection.

9.  RPM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. As described, *infra*, RPM contacted Cheryl to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Cheryl is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Within the past twelve months, and before, RPM has been calling Cheryl on her cellular phone in an attempt to collect a debt for another individual, Joe Savon ("Joe").

14. Shortly after the calls began, Cheryl explained Joe was Cheryl's former neighbor and that Cheryl had no contact with Joe.

15. In addition, Cheryl communicated her desire that RPM cease calling her.

16. Despite this communication, RPM continued to call Cheryl on her cellular phone in an attempt to collect a debt for Joe.

17. Cheryl repeatedly communicated her desire that RPM cease calling her.

18. Nevertheless, RPM continued to call Cheryl in an attempt to collect a debt for Joe.

19. RPM collection efforts, including but not limited to its telephone calls, caused Cheryl emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Cheryl re-alleges and incorporates by reference Paragraphs 7 through 19 above as if fully set forth herein.

21. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

22. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's

communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

23. The likely effect of RPM's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Cheryl.

24. RPM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Cheryl in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Cheryl re-alleges and incorporates by reference Paragraphs 7 through 19 above as if fully set forth herein.

26. RPM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Violations of the Florida Consumer Collection Practices Act

27. Cheryl re-alleges and incorporates by reference Paragraphs 7 through 19 above as if fully set forth herein.

28. At all times relevant to this action, RPM is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

29. RPM is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

30. Cheryl is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

31. RPM attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

32. RPM willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Cheryl with such frequency as can reasonably be expected to harass Cheryl, or engaging in other conduct which can reasonably be expected to abuse or harass Cheryl.

33. As a result of the above violations of the FCCPA, RPM is liable to Cheryl for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY DEMAND

34. Cheryl demands a trial by jury.

## PRAYER FOR RELIEF

35. Cheryl prays for the following relief:

    a. Judgment against RPM for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against RPM for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: August 25, 2017

By: /s/ *John P. Murray*

*Of Counsel*
John P. Murray, Esq. (FL Bar No.: 975818)
Hyslip & Taylor, LLC, LPA
2655 Lejeune Rd., Suite 700
Coral Gables, FL  33134
Phone: 305-779-4818
Fax: 305-779-4819
Email: john@johnpmurray.com
*Attorney for Plaintiff, Cheryl Weller*